UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DWIGHT CASLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-1919-TAB-JDT |
| | ) | |
| INDIANA SURGERY CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON APRIL 11, 2006 INITIAL PRETRIAL CONFERENCE

The parties appeared by counsel on April 11, 2006 for an initial pretrial conference. The issue in this case is whether the Defendant was required to provide a sign language interpreter to the Plaintiff in connection with an out-patient procedure performed at Defendant's facility on the Plaintiff's infant son. The facts of this case appear to be largely undisputed, as the parties agree that the Defendant did not provide an interpreter in connection with the procedure. The parties' dispute is primarily legal, namely, whether 28 C.F.R. § 36.303(c) required the Defendant to provide an interpreter.

In light of the foregoing, the Court denies the parties' proposed Case Management Plan ("CMP") [Docket No. 11] because it would unnecessarily prolong this litigation. For example, the CMP permits dispositive motions until December 30, 2006, allows damages discovery through March 30, 2007, and contemplates a trial, if necessary, in June of 2007. Instead, consistent with securing the "just, speedy, and inexpensive determination of every action" contemplated by Fed. R. Civ. P. 1, the Court issues the following scheduling order: (1) discovery shall commence immediately; (2) the parties shall exchange witness and exhibit lists by June 15,

2006; and (3) the parties shall complete discovery and file stipulations of fact by August 31, 2006.

**This cause is set for a one-day bench trial beginning at 9 a.m. on September 29, 2006, Room 238, Birch Bayh Federal Building and United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana.**  In preparation for this trial, no later than September 22, 2006 the parties shall: (1) attempt in good faith to stipulate to the authenticity and/or admissibility of all trial exhibits; and (2) file proposed findings of fact and conclusions of law.  In the event that the parties stipulate to all facts for trial purposes, the trial date will be used for oral argument purposes.

Finally, the Court notes that the parties disagreed in the CMP and during the initial pretrial conference as to whether a jury trial is available, as well as regarding the extent of any relief available to the Plaintiff.  Pursuant to the 28 C.F.R. §§ 36.501-505, the remedies available to the Plaintiff in an action such as this under Title III of the ADA when the Attorney General is not involved are limited to injunctive relief, attorney's fees, litigation expenses, and costs.  Thus, a jury trial is not appropriate, and the Plaintiff's potential remedies are limited as set forth above.

Dated: 04/12/2006

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

2

Copies to:

Tami A. Earnhart
ICE MILLER LLP
earnhart@icemiller.com

Michael Gregory Moore
mmoore8824@aol.com